U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

SEP 27 2013

CHRIS R. JOHNSON, CLERK

BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHARON ROLLER, VALERIE MURPHY,        PLAINTIFFS
and EMILY SMITH, et al.

vs.               Case No. 13-5214

TV GUIDE ONLINE HOLDINGS, LLC              DEFENDANT

## NOTICE OF REMOVAL

COMES NOW Defendant TV Guide Online Holdings, LLC ("Defendant" or "TV Guide"), and respectfully removes this case to the United States District Court for the Western District of Arkansas pursuant to 28 U.S.C. §§ 1453, commonly known as the Class Action Fairness Act ("CAFA") and 28 U.S.C. §§ 1332 and 1446. In support of removal, TV Guide submits the following:

### I.    PROCEDURAL BACKGROUND OF THE STATE COURT ACTION.

1. On or about January 6, 2011, Plaintiffs filed a civil action, labeled "Class Action Complaint" against Defendant in the Circuit Court of Washington County, Arkansas, Civil Division, styled Cause No. CV11-52-4: *Sharon Roller, Valerie Murphy, and Emily Smith v. TV Guide Online Holdings, LLC*. ("Class Action Complaint"). A true and correct copy of the Class Action Complaint is attached hereto as **Exhibit A**. The Class Action Complaint alleges that Plaintiffs suffered damages as a result of using Defendant's website, where they allege that a computer program known as a "cookie" was downloaded to their computers.

2. Along with the Class Action Complaint, Plaintiffs attached affidavits from each named Plaintiff and Plaintiffs' counsel attesting that each Plaintiff would not seek damages in

excess of $75,000 individually, or in excess of $5,000,000 in the aggregate. Class Action Complaint, pages 17-20.

3. The Class Action Complaint asserted that Washington County Circuit Court had subject matter jurisdiction over this matter because the total damages did not exceed $5,000,000, and therefore there was no federal court jurisdiction under CAFA. Class Action Complaint, ¶ 3.

4. Controlling Eighth Circuit case law at the time held that such stipulations were binding and effective to prevent removal to federal court. *Rowling v. Nestle Holdings, Inc.*, 666 F.3d 1069 (8th Cir. 2012). In holding that the type of stipulations filed by the Plaintiffs were binding in a putative class action, the Court stated that "stipulations of this sort, when filed contemporaneously with a plaintiff's complaint and not after removal, have long been recognized as a method of defeating federal jurisdiction in the non-CAFA context." *Id.* at 1072.

5. In reliance on this precedent, TV Guide did not remove the matter to federal court.

6. On June 9, 2011, the trial court granted TV Guide's motion to dismiss, which it treated as a motion for a more definite statement.

7. On or about July 6, 2011, Plaintiffs filed their "Substituted Amended Class Action Complaint," ("Substituted Complaint") styled *Sharon Roller, Valerie Murphy, and Emily Smith Individually and on behalf of a Class of Similarly Situated Individuals v. TV Guide Online Holdings, LLC*. A true and correct copy of the Substituted Complaint is attached hereto as **Exhibit B**.

8. The Substituted Complaint also included affidavits from each named Plaintiff and Plaintiffs' counsel stipulating that each individual Plaintiff would not seek damages exceeding $75,000, nor would they seek damages in excess of $5,000,000. Substituted Complaint, pages 41-46.

9. On or about January 3, 2012, the trial court (Judge Mark Lindsay) issued its Judgment and Order ("Judgment") granting Defendant's Motion to Dismiss, noting that the dismissal with prejudice "concludes the action, including discovery initiated in the action, and all stipulations and agreements arising pursuant to this action." A true and correct copy of the Judgment is attached hereto as **Exhibit C**.

10. On March 19, 2013, the Supreme Court of the United States issued its opinion in *Standard Fire Insurance Company v. Knowles*, 133 S.Ct. 1345 (2013). *Knowles* held that stipulations such as those Plaintiffs had submitted in their complaints were not binding on members of a potential class, and thus could not be used to avoid federal jurisdiction. *Id.* at 1348. "...a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified." *Id.* at 1349. In so holding, the Court abrogated the previously controlling precedent in *Rowling*.

11. On or about June 27, 2013, the Supreme Court of Arkansas issued its opinion ("Opinion") reversing and remanding the Judgment. A true and correct copy of the Opinion is attached hereto as **Exhibit D**.

12. On or about July 17, 2013, the Supreme Court of Arkansas issued its mandate releasing this matter to the jurisdiction of the Washington County Circuit Court. A true and correct compy of the Arkansas Supreme Court's madate is attached hereto as **Exhibit E**.

13. On or about September 19, 2013, the trial court issued its Order accepting the mandate and acquiring jurisdiction over the Substituted Complaint. A true and correct copy of the trial court's order ("Order") is attached as **Exhibit F**.

14. Pursuant to this Order, TV Guide now has the opportunity to file its first responsive pleading to the plaintiffs' complaints.

15. This Notice of Removal is being filed nine days following issuance of the trial court's order instating the Substituted Complaint.

16. Plaintiffs' asserted and proposed class has not been certified.

17. The Substituted Complaint is currently pending in the Circuit Court of the Washington County, Arkansas, Civil Division.

## II. PARTIES.

18. Plaintiff Sharon Roller is a citizen and resident of the State of Arkansas. Substituted Complaint ¶ 5.

19. Plaintiff Emily Smith is a citizen and resident of the State of Arkansas. Substituted Complaint ¶ 6.

20. Plaintiff Valerie Murphy is a citizen and resident of the State of Arkansas Substituted Complaint ¶ 7.

21. Defendant TV Guide Online Holdings LLC is a corporation, is the sole defendant, and is incorporated in the State of Delaware, with its principal place of business in the State of California. Substituted Complaint ¶ 8.

## III. DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

22. Defendants remove this action to the United States District Court for the Western District of Arkansas pursuant to the provisions of 28 U.S.C. § 1453, on the ground that this Court has original jurisdiction over this action and these parties pursuant to the provisions of 28 U.S.C. § 1332(d)(2) and (d)(2)(A).

23. This Notice of Removal is timely filed within 30 days of Defendants' receipt of service of the trial court's order instating the Substituted Complaint, pursuant to 28 U.S.C. § 1446(b).

24. A Notice of Removed Action required by 28 U.S.C. § 1446(d), addressed to the Plaintiffs' attorneys and to the Clerk of the Circuit Court of the Circuit Court of Washington County, Arkansas, Civil Division (in the form attached hereto as **Exhibit G**) will be filed with the trial court, forwarded to the Clerk of the Circuit Court of Washington County, Arkansas and to attorneys for Plaintiffs upon the filing of this Notice of Removal.

## IV.    THIS COURT HAS SUBJECT MATTER JURISDICTION.

### A.    Legal Standards for Removal

25. "The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs in which… any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2) and (d)(2)(A).

26. The Arkansas Supreme Court's reversal and remand of the dismissal with prejudice had the effect of erasing the record from the previous filings, and restarting all procedural clocks. "…when a judgment is reversed and remanded for new trial, the case stands as if **no action at all had been taken by the trial court**." *Palmer v. Carden*, 389 S.W.2d 428, 430 (Ark. 1965) (emphasis added).

27. Intervening case law—the *Knowles* decision—likewise allows removal in these circumstances. The United States Supreme Court's decision in *Knowles* directly abrogated the *Rowling* decision, going so far as to name that opinion as a reason why *Knowles* was granted its writ of certiorari. *Knowles* at 1348. The *Rowling* precedent, which was controlling on July 6, 2012 when Plaintiffs filed their Class Action Complaint, has thus been abrogated by an intervening and superior tribunal.

Case 5:13-cv-05214-PKH   Document 1   Filed 09/27/13   Page 6 of 12 PageID #: 6

28. TV Guide is acting as soon as it was legally able following the *Knowles* decision and the Arkansas Supreme Court's vesting of jurisdiction with the Washington County Circuit Court.

29. There is no time limit for removal of actions under CAFA, unlike the one-year time limitation in other removal cases. 28 U.S.C. § 1453(b). "A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1146(c)(1) shall not apply)…" This Court has interpreted that statute's plain language. "It is no longer the rule that CAFA cases must be removed within a year. **Now they may be removed at any time**, assuming they are removable." *Smith v. American Bankers Ins. Co. of Florida*, 2011 WL 6090275 at *7 (W.D. Ark. 2011) (emphasis added).

30. At this time, this matter is properly removable to this venue because it is pending in Washington County Circuit Court in Arkansas.[1] *See* 28 U.S.C. § 1441(a)(2009).

### B. Statutory Diversity Exists Between The Parties

31. In a removal of a class action suit, diversity exits when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

32. Each Plaintiff is a citizen of a state different from Defendant. All Plaintiffs in the State Court Action are residents of the State of Arkansas. Substituted Complaint ¶¶ 5-7.

33. Under Section 1332, a corporation is a citizen of any State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

---

[1] Through their access and use of the website, Plaintiffs agreed to the Terms of Use Agreement published on www.tvguide.com, which stipulated that the exclusive venue for all claims, complaints and actions related to the website would be Los Angeles, California.

21526859

34. TV Guide is a citizen of the states of Delaware and California because it is incorporated in the State of Delaware, and its principal place of business is in the State of California. Substituted Complaint ¶ 8.

35. The diversity requirement is met as at least one member of the class of Plaintiffs is a citizen of a state different from Defendant. 28 U.S.C. § 1332(d)(2)(A).

### C. The amount in controversy potentially exceeds $5,000,000 exclusive of interest and costs.

36. Nothing in this Notice shall constitute an admission of liability of any claim in these proceedings. Any calculation of assessed and potential damages is made only to determine proper jurisdiction for this matter.

37. The standard to demonstrate the amount in controversy in a CAFA removal case is "by a preponderance of the evidence, regardless of whether the complaint alleges an amount below the statutory minimum." *Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009). "Under the preponderance standard, [t]he jurisdictional fact … is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are…" *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2012). (emphasis in original) (quoting *Bell* at 958).. Further, the removing party's burden of "describing how the controversy exceeds $5,000,000 constitutes a pleading requirement, not a demand for proof. Discovery and trial come later." *Hartis* at 944-945.

38. The Court should disregard Plaintiffs' damages stipulations for purposes of removal jurisdiction. The stipulations do not bind the entire class, because an individual plaintiff cannot legally bind potential members of the class before it is certified. *Knowles* at 1349.

39. Questions of jurisdiction under CAFA need not wait until the class is certified, and the inquiry should be limited to examining the case "as of the time it was filed in state court." *Id.*

40. To calculate the possible amount in controversy, it is appropriate to use the claims of potential unnamed class members to reach an estimate of potential damages. "To 'determine whether the amount in controversy' exceeds that sum, 'the claims of the individual class members shall be aggregated' § 1332(d)(6). Those 'class members' include 'persons (named or unnamed) who fall within the definition of the *proposed* or certified class.'" § 1332(d)(1)(D). (emphasis in original). *Knowles* at 1348.

41. Under various calculations, the potential class size demonstrates the amounts of potential damages. First, Plaintiffs claim that their proposed class is comprised of "over one thousand persons." Substituted Complaint, ¶ 49. Plaintiffs also assert that TV Guide's website receives 383,563 page views per day. Substituted Complaint, ¶ 23.

42. Second, an internal accounting of the number of unique visitors to the TV Guide website in Arkansas during the final quarter of 2010, as attested to in the affidavit attached as **Exhibit H**, showed the following results by month: September 2010: 130,412 unique visitors; October 2010: 118,813 unique visitors; November 2010: 106,962 unique visitors; December 2010: 109,320 unique visitors.

43. Finally, the United States Census found that 54.8% of the Arkansas population aged three and older have an Internet connection at home only or at home as well as another location. File, Thom, *Computer Use and Internet Use in the United States* at 8, (May 2013) http://www.census.gov/prod/2013pubs/p20-569.pdf, attached at **Exhibit I**.[2] According to the United States Census, the population of Arkansas is 2,915,918. United States Census Bureau, http://www.census.gov/geo/reference/guidestloc/st05_ar.html (last visited Sept. 18, 2013).

---

[2] Under Fed. R. Evid. 201(b)(2), the Court may take judicial notice of a fact not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Here, the information comes from the United States Census.

According to these statistics, the possible size of Plaintiffs' alleged class balloons to more than 1.3 million potential class members.

44.  Plaintiffs claim that the type of damages they have suffered include physical damage to their computers which interferes with the computers' data storage and other intended uses. Substituted Complaint, ¶ 42. Further, the Plaintiffs claim their computers are impaired in terms of processing, operating capacity, and their ability to run applications, hardware and software programs. *Id.* The Substituted Complaint alleges that individual class members have suffered damages of "not less than $500." Substituted Complaint, ¶ 64. Indeed, Count II of the Substituted Complaint is based on a statute that requires a minimum of $500 in property damage for it to be triggered. Substituted Complaint, ¶ 63, Ark. Code Ann. § 5-41-202(b)(2)(B).

45.  Plaintiffs further claim the costs incurred by the alleged damages include, but are not limited to, the following:

   A.  Damages and cost resulting from hiring a computer consultant to identify and repair the alleged malfunctions.

   B.  Costs incurred from purchasing and installing software to remove the cookies.

   C.  The fair market value of space lost on their hard drives.

   D.  Impaired operating capability and functionality on their computers.

   E.  Long-term slow downs, decreased performance, diminished functionality and reduced memory over time.

   F.  Out-of-pocket expenses incurred to repair Plaintiffs' computers.

   G.  Out-of-pocket expenses to replace Plaintiffs' computers.

   H.  The fair market value of Plaintiffs' personal and web browsing information.

  I. The fair market value of any reports, analytics and analysis of Plaintiffs' data.

  J. Disgorgement of the increased value of Defendant's web properties, profit from merchandise and advertising sales and any additional revenue obtained as a result of the cookies. Substituted Complaint, ¶¶ 46.

  46. There is a potential range of damages calculations under these class size estimates. Under the lowest count of unique visitors to the website from Arkansas, 106,962, multiplied by the minimum amount of Plaintiffs' asserted damages, $500, potential damages could reach $53,481,000. Using the Plaintiffs' estimate of 383,563 site visits, the damage floor is $191,781,500. If each resident of Arkansas with access to a computer is a potential class member, using U.S. Census data the potential damages exceed $650,000,000.

  47. Using estimates provided by the Plaintiffs, the Defendant, and the U.S. Census, the potential damages sought in this lawsuit far exceed the threshold of $5,000,000.

  48. Once the Defendant has met the preponderance of the evidence standard that damages could be found to exceed $5,000,000, "remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Hartis* at 946. The burden is now shifted to the Plaintiffs to prove to a legal certainty that their claimed damages cannot exceed $5,000,000, if they wish to avoid removal.

  49. This Court has original jurisdiction in this matter because minimal diversity exists between the parties and the amount in controversy could be found to exceed $5,000,000. Defendant has timely filed for this removal and there is no statutory deadline for removal under CAFA.

  50. The complete State Court record is attached as **Exhibit J**.

Case 5:13-cv-05214-PKH Document 1 Filed 09/27/13 Page 11 of 12 PageID #: 11

WHEREFORE, Defendant TV Guide Online Holdings, LLC hereby removes this action from the Circuit Court of the Washington County, Arkansas, Civil Division to the United States District Court for the Western District of Arkansas.

Dated: September 27, 2013.

Respectfully submitted,

**FRIDAY, ELDREDGE & CLARK, LLP**

By: _____
Clifford W. Plunkett
3425 North Futrall Drive, Suite 103
Fayetteville, AR 72703-6252
Telephone:   479-695-1103
Facsimile:    479-695-2147
Email:          plunkett@fridayfirm.com

and

**DENTONS US LLP**

By: _____
Jason R. Scheiderer (*pro hac vice*)
4520 Main Street, Suite 1100
Kansas City, Missouri 64111
Telephone:   816-460-2400
Facsimile:    816-531-7545
Email:          jason.scheiderer@dentons.com

**ATTORNEYS FOR DEFENDANT
TV GUIDE ONLINE HOLDINGS, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via U.S. mail, postage prepaid, this 27 day of September, 2013, on:

W.H. Taylor
William B. Putnam
TAYLOR LAW PARTNERS
P.O. Box 8310
Fayetteville, Arkansas 72703
Telephone: (479) 443-5222
Facsimile: (479) 443-7842

Brad E. Seidel
NIX, PATTERSON & ROACH, LLP
205 Linda Drive
Daingerfield, Texas 75638
Telephone: (903) 645-7333
Facsimile: (903) 645-4415

Joel M. Fineberg (*pro hac vice*)
Stuart L. Cochran (*pro hac vice*)
JOEL M. FINEBERG, PC
6900 Dallas Parkway, Suite 200
Plano, TX 75024
Telephone: (214) 219-8828
Facsimile: (214) 219-8838

Matt Keil
John C. Goodson
KEIL & GOODSON P.A.
406 Walnut Street
Texarkana, Arkansas 71854
Telephone: (870) 772-4113
Facsimile: (870) 773-2967

Brady Paddock
NIX, PATTERSON & ROACH, LLP
2900 St. Michael Drive, Suite 500
Texarkana, Arkansas 75503-5946
Telephone: (903) 223-3999
Facsimile: (903) 223-8520

Richard E. Norman (*pro hac vice*)
CROWLEY NORMAN, LLP
Three Riverway, Suite 1775
Houston, Texas 77056
Telephone: (713) 651-1771
Facsimile: (713) 651-1775

**ATTORNEYS FOR PLAINTIFFS**

_____
Attorney for Defendant