IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHARON ROLLER; VALERIE MURPHY;
and EMILY SMITH                                                                          PLAINTIFFS

v.                                         Case No. 5:13-CV-05214

TV GUIDE ONLINE HOLDINGS, LLC                                              DEFENDANT

## OPINION AND ORDER

Before the Court are Plaintiffs' motion (Doc. 14) to remand and brief in support, Defendant's response (Doc. 17) and brief in support, and Plaintiffs' reply (Doc. 22). For the reasons set forth below, Plaintiffs' motion (Doc. 14) to remand is **GRANTED**, and this case is remanded to the Circuit Court of Washington County, Arkansas.

### I. Background

Named Plaintiffs allege, on behalf of themselves and a putative class, that Defendant TV Guide Online Holdings, LLC ("TV Guide") places covert tracking devices known as "Flash cookies" onto the computers of persons who view the TV Guide website and uses such tracking devices to harvest private information from the computer, which TV Guide then assimilates into marketing profiles for its own economic benefit. Plaintiffs allege that TV Guide's actions violate Arkansas statutory and common law.

Plaintiffs originally filed this case in the circuit court of Washington County, Arkansas on January 6, 2011. On June 9, 2011, the state circuit court granted TV Guide's motion to dismiss, which it treated as a motion for a more definite statement. Thereafter, on July 6, 2011, Plaintiffs filed their substituted first amended class action complaint. On January 3, 2012, the circuit court

granted TV Guide's motion to dismiss and dismissed Plaintiffs' action with prejudice.  Plaintiffs

appealed.  On June 27, 2013, the Supreme Court of Arkansas issued an opinion reversing the circuit

court's dismissal and remanding the case.  On July 17, 2013, the Arkansas Supreme Court issued

its mandate releasing the matter back to the jurisdiction of the circuit court.  On September 19, 2013,

the circuit court issued a one-paragraph "order on mandate" in which it "implement[ed] the Mandate

with this Order by vacating the prior Judgment filed January 3, 2012 and denying the previously filed

Motions to Dismiss of TV Guide Online Holdings, LLC."  (Doc. 1-6).

In both their original and substituted complaints, Plaintiffs allege that the named Plaintiffs

are all citizens and residents of Arkansas and that TV Guide "is a Delaware corporation[1] with its

principal place of business in Los Angeles, California."  (Doc. 4, ¶¶ 5-8).[2]  Plaintiffs then go on to

"stipulate pursuant to Ark. Code Ann. § 16-63-221 that they do not and will not seek to recover an

amount in excess" of $75,000 per named Plaintiff or class member or total damages of $5,000,000

for the class.  *Id*. at ¶ 9.  Plaintiffs also stipulate to not seeking punitive damages.  *Id.*  Sworn and

binding stipulations signed by each named Plaintiff as well as Plaintiffs' attorney were attached to

each complaint at the time it was filed in state court.

TV Guide removed the matter to this Court on September 27, 2013 arguing that controlling

---

[1] When asserting TV Guide's citizenship for purposes of removal, TV Guide simply cited
to Plaintiffs' allegations.  The Court notes, however, that it seems unlikely that TV Guide Online
Holdings, LLC is a corporation, and not a limited liability company.  Defense counsel are cautioned
that when asserting the citizenship of their own client, they should not rely on the allegations of the
opposing party, but rather should make an affirmative allegation sufficient to support a finding that
the Court can exercise diversity jurisdiction.  Because the Court finds that removal was improper on
the basis argued by Plaintiffs, the Court will assume that the parties are actually diverse, as alleged.

[2] The Court cites only to the substituted complaint, which is the complaint in effect at this
point.

Eighth Circuit case law at the time Plaintiffs filed their complaint in state court held that stipulations by the named plaintiffs as to the amount in controversy could prevent removal to federal court. TV Guide cited, however, to an Eighth Circuit opinion[3] dated February 2, 2012—over a year after Plaintiffs originally filed their complaint in state court. In its notice of removal, TV Guide asserts that "[i]n reliance on this precedent, TV Guide did not remove the matter to federal court." (Doc. 1, ¶ 5). TV Guide now attempts to remove the case pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A). TV Guide argues that, although the case was not removed until two-and-a-half years after it was originally filed in state court and after it was dismissed on the merits and appealed to the Supreme Court of Arkansas—where TV Guide lost—removal is timely in that it was filed "within 30 days of [TV Guide's] receipt of service of the trial court's order instating the Substituted Complaint, pursuant to 28 U.S.C. § 1446(b)." (Doc. 1, ¶ 23). TV Guide argues that an intervening opinion, *Standard Fire Insurance Co. v. Knowles*, 133 S.Ct. 1345 (Mar. 19, 2013), which held that a class-action plaintiff cannot prevent removal by stipulating to seek an amount less than the CAFA jurisdictional threshold, caused the case to be removable upon remand to the circuit court.

## II. Legal Standard

A defendant in state court may remove the case to federal court if the defendant can demonstrate that the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). Once a case is removed to federal court, a plaintiff may move to remand to state court if the federal court lacks subject matter jurisdiction or there is some other procedural defect in the removal. 28 U.S.C. § 1447(c). Removal cases are construed more narrowly than originally filed cases to protect the

---

[3] *Rowling v. Nestle Holdings, Inc.*, 666 F.3d 1069 (8th Cir. 2012).

plaintiff's choice of forum and to protect the state courts from usurpation by federal courts. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Hurt v. Dow Chemical Co.*, 963 F.2d 1142, 1145 (8th Cir. 1992). The Court must strictly construe the federal removal statute and resolve any ambiguities about federal jurisdiction in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

## III. Discussion

The Court finds that this matter should be remanded because removal was untimely. Under CAFA, a defendant must file a notice of removal either (1) "within thirty days after the receipt by the defendant . . . of a copy of the initial pleading," or (2) "if the case stated by the initial pleading is not removable . . . within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1) and (3). TV Guide's contention that removal was timely is premised on the argument that the matter was not originally removable based on the initial pleading filed January 6, 2011 or based on the substituted complaint filed July 6, 2011. The Court disagrees and finds that, assuming without finding that the case was not removable based on the initial pleading,[4] it was at the very least removable based on the substituted complaint on the same grounds for removal that TV Guide now attempts to assert. Because the notice of removal was not filed within 30 days of TV Guide's receipt of a copy of the substituted complaint filed July 6,

---

[4] Plaintiffs state in their brief in support of remand, "[a]ssuming arguendo that Defendant could not have determined from Plaintiffs' initial complaint, which did not contain language asserting a minimum damage amount per Class Member, that by its calculations federal jurisdiction existed under CAFA, the Amended Complaint constituted 'an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable.'" (Doc. 15, p. 3) (quoting 28 U.S.C. § 1446(b)(3)). The Court accepts Plaintiffs' assumption since the Court finds, as argued by Plaintiffs, that removal was nonetheless untimely.

2011, the case must be remanded.

TV Guide cites, in its notice of removal, to the Eighth Circuit opinion in *Rowling v. Nestle Holdings, Inc.* as the reason it did not originally remove the matter.  No matter the holding of *Rowling*, it was decided over a year after Plaintiffs filed their complaint in state court.  Therefore, TV Guide's averment that *Rowling* prevented them from removing the case is not credible.

This Court is, however, very familiar with the history of the issue of CAFA removals in the face of a plaintiff's stipulation.  The Court acknowledges that it had previously relied on dicta in a pre-*Rowling* Eighth Circuit opinion, *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009), in remanding removed cases when a named plaintiff had stipulated to an amount in controversy below the federal jurisdictional threshold.  Although the Court decided on more than one occasion to remand a case in line with the dicta in *Bell*,[5] the very fact that the Court saw numerous cases removed notwithstanding a named plaintiff's stipulation is evidence of the fact that the issue was not so resolved as to prevent removal in the first place.  The Court is likewise very familiar with the *Knowles* opinion cited to by TV Guide as the intervening opinion that it argues should allow it to remove this matter at this time.  The *Knowles* case is currently before this Court on remand.  The Supreme Court's acceptance of the *Knowles* case and subsequent reversal of this Court's remand order are evidence of the fact that the issue of whether a stipulation could be used by a plaintiff to prevent removal in the CAFA context was unsettled.

In light of the unsettled state of the law on the relevant issue pertinent to removal of this

---

[5] *See, e.g.*, *Knowles v. Standard Fire Ins. Co.*, 2011 WL 6013024 at *4 (W.D. Ark. Dec. 2011) ("Even though the *Bell* court did not specifically reference the legal certainty burden, it did conclude that a clear stipulation would meet the requirements for defeating removal.  It follows, therefore, that if a stipulation is legally binding and made in good faith, it can satisfy the plaintiff's legal certainty burden and defeat removal.").

matter, TV Guide could have and should have removed this case within 30 days of receipt of the substituted complaint filed in state court on July 6, 2011.  Clearly the law at that time was not so well-settled as to prevent even an attempt at removal.  In fact, the complaint in *Knowles* was originally filed in state court on April 13, 2011—three months after Plaintiffs filed their original complaint in state court in this action.  *Knowles*, Case No. 4:11-cv-04044 (W.D. Ark.) (Doc. 1-2). This Court's order remanding *Knowles* was not entered until December 2, 2011.  *Id*. at Doc. 13.  Had TV Guide wanted to remove its case, *Knowles* is in fact proof that it could have done so.  It appears that TV Guide simply did not want to expend the resources that removal litigation would have required at that point in time.  Now that the work has been done for it, TV Guide seeks to reap the benefits of someone else's efforts.  Furthermore, the Eighth Circuit has recognized, in a case very similar to this one, that issuance of the *Knowles* decision did not trigger the start of a 30-day period under § 1446(b)(3).  *Dalton v. Walgreen Co.*, 721 F.3d 492, 493 (8th Cir. 2013) (citing *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 969 (8th Cir. 2007) (holding that "a decision in a separate case with different parties" is not an "order or other paper" under § 1446(b))).

Because the Court finds that removal was untimely for the reasons stated above, the Court declines to address Plaintiffs' alternative arguments for remand.

## IV. Conclusion

Accordingly, IT IS ORDERED that Plaintiffs' motion (Doc. 14) to remand is GRANTED. This case shall be remanded to the Circuit Court of Washington County, Arkansas.

IT IS SO ORDERED this 22nd day of January, 2014.

/s/ P. K. Holmes, III

P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE